IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROBERT A. KOENIG,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>Defendant. | Case No. _____<br><br><br>Judge _____<br><br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant United Parcel Service, Inc. ("UPS"), by and through its undersigned counsel, hereby gives notice that the civil action presently pending in the Allen County, Indiana, Superior Court, Civil Division 9, captioned *Robert A. Koenig v. United Parcel Service, Inc.*, Case No. 02D09-2002-CT-000095 ("State Court Action"), is removed to this Court on the following grounds:

### I.    Introduction

1.    On or about February 11, 2020, Plaintiff filed a Complaint in the Allen County, Indiana, Superior Court, Civil Division 9, captioned *Robert A. Koenig v. United Parcel Service, Inc.*, Case No. 02D09-2002-CT-000095. Plaintiff brings claims for alleged violations the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA") related to his employment at UPS.

### II.    Removal Procedures and Venue

2.    In accordance with 28 U.S.C. §1446(a), copies of all record documents, including all orders, pleadings, and process which have to date been served upon Defendant are attached to this Notice.

3.    The State Court Action was filed in the Allen County, Indiana, Superior Court, Civil Division 9, on February 11, 2020. Defendant first received service of the Summons and Complaint on or about April 10, 2020 via certified mail.

4.     In accordance with 28 U.S.C. §1446(b), this Notice of Removal was timely filed within thirty (30) days of Defendant's receipt of service of the Complaint and Summons.

5.     Venue is properly placed in the United States District Court for the Northern District of Indiana, Fort Wayne Division, because it is the district court for the district and division within which the state action is pending, in accordance with 28 U.S.C. § 1446(a).

6.     Undersigned counsel certifies, in accordance with 28 U.S.C. § 1446(d), that concurrent with the filing and service of this Notice of Removal, Defendant's "Notice of Filing Notice of Removal" has been served upon counsel for Plaintiff, Christopher C. Meyers, 809 South Calhoun Street, Suite 400, Fort Wayne, Indiana 46802.

7.     Undersigned counsel further certifies, in accordance with 28 U.S.C. § 1446(d), that concurrent with the filing and service of this Notice of Removal, a copy of same, along with Defendant's "Notice of Filing Notice of Removal" has been filed with the Clerk of the Court of Allen County, Indiana, Superior Court.

### III.     Federal Question Jurisdiction

8.     This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331, as this case involves a civil action arising under the Constitution, laws, or treaties of the United States. Accordingly, Defendant may remove this case pursuant to 28 U.S.C. § 1441(a), provided Plaintiff has stated a claim and further that Plaintiff has not caused any procedural defects to have been made.

9.     The facts of the Complaint allege causes of action under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101. Thus, the Complaint raises federal questions pursuant to 28 U.S.C. § 1331 because the Plaintiff seeks relief under laws of the United States.

10.     The causes of action set forth in the Complaint do not constitute non-removable actions under 28 U.S.C. § 1445.

2

### IV.    Diversity of Citizenship Jurisdiction

11.    Alternatively, removal of this is action is proper under 28 U.S.C. § 1332, diversity of citizenship jurisdiction, in that this is a civil action brought in a state court of which the district courts of the United States have original jurisdiction because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.

12.    According to Plaintiff's Complaint, Plaintiff is a resident of the State of Indiana. UPS is an Ohio corporation with its principal place of business in Atlanta, Georgia. Thus, UPS is not a resident of Indiana for purposes of 28 U.S.C. § 1332(a), and the parties have complete diversity of citizenship.

13.    The amount in controversy exceeds the sum of $75,000 exclusive of interest and costs. Despite the lack of specific damages alleged in the Complaint, a cause of action may be removed where the Defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2); *Martinsville Corral, Inc. v. Soc'y Ins.*, 2018 U.S. Dist. LEXIS 29322 at \*7–8 (S.D. Ind. Feb. 23, 2018). The preponderance of evidence standard requires only that the Defendant allege facts sufficient to establish that the Plaintiff would more likely than not seek to recover more than the jurisdictional amount. *Id.*

14.    Plaintiff has not pled that he will seek less than $75,000, and his Complaint does not establish with a legal certainty that damages are less than $75,000.

15.    Furthermore, 42 U.S.C. § 12101 allows Plaintiff to recover compensatory damages, punitive damages, and attorneys' fees.

16.    Plaintiff earned $14.30 per hour[1] at the time of his termination. Thus, by the time of trial, Plaintiff's back pay damages alone would likely exceed $50,000.

---

[1] Plaintiff's hourly wage varied between $13.00 per hour and $21.00 per hour depending on which job he was performing. His average hour rate was $14.30 during the final three months of his employment with UPS.

17.    Considering Plaintiff's claims for relief of compensatory damages including back pay, front pay, and emotional distress, as well as punitive damages and attorneys' fees, it is facially apparent from the Complaint that Plaintiff's claims for relief exceed $75,000.00. *See Lovett v. Affiliated Computer Sys.*, 2012 U.S. Dist. LEXIS 118709 at *4–5 (S.D. Ind. Aug. 20, 2012) (denying plaintiff's motion to remand in part because of the availability of unspecified compensatory and punitive damages for discrimination and retaliation claims under Title VII).

18.    Accordingly, the preponderance of the evidence standard is satisfied in this case because the amount in controversy more likely than not exceeds the $75,000 jurisdictional limit.

**WHEREFORE**, Defendant prays that said action now pending in the Allen County, Indiana, Superior Court, Civil Division 9 be removed to the Northern District of Indiana, Fort Wayne Division.

Date:  April 30, 2020

Respectfully submitted,

*/s/ Jeremy S. Rogers*

Jeremy S. Rogers
Anthony M. Zelli
**DINSMORE & SHOHL LLP**
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
Tel.: (502) 540-2384
Fax: (502) 585-2207
jeremy.rogers@dinsmore.com
anthony.zelli@dinsmore.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on April 30, 2020, a copy of the foregoing document was provided to counsel for Plaintiff via email and U.S. mail, postage prepaid, at the following address:

Christopher C. Myers
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
cmyers@myers-law.com

*Attorney for Plaintiff*

/s/ Jeremy S. Rogers
Jeremy S. Rogers